————o————

## No. 4749.

Court of Appeal, Parish of Orleans.

### JACOB ISRAEL, VS. STATE NATIONAL BANK.

1.   A bank depositor owes to the bank the duty to exercsiing reasonable care to verify returned vouchers by the record kept by him of the checks he has issued, for the purpose of detecting forgeries or alterations.

2.   A deposit in court by a defendant, which plaintiff is not free to take except upon proving his case, does not relieve the defendant of interest and costs.

Appeal from Civil District Court, Division "E."

Lazarus, Michel & Lazarus, for Plaintiff and Appellant.

W. S. Parkerson, for Defendant and Appellee.

ST. PAUL, J.   Plaintiff was a depositor in the defendant

—325—

bank and on November 21st, 1905, his bank book was balanced and the cancelled checks returned to him. Among the checks so returned were four, aggregating $90, all payable to Bearer, all in a handwriting familiar to him (i. e. the body of the check) and of which he had no record in his stub book; nor had he any independent recollection of when or how any such had been issued. The signature to these checks was, however, a perfect fac-simile of his own, although it is now clear that they were forgeries.

Plaintiff seems to have paid but little attention to the circumstance, at any rate he laid aside the bundle of checks, and trusted to his being able at some future time to recall when and to whom the checks had been given, believing that he might possibly have given the checks whilst on the street and neglected afterwards to enter them on his stub book; as had occurred to him on previous occasions.

But plaintiff took no steps whatever to notify the bank of this apparent irregularity in his bank account, or to warn the bank that there was occasion to be careful.

On the day after the book had been balanced another forged check for $10.00 was presented and paid, and thereafter other forgeries were perpetrated aggregating $763.00. All these forgeries were by one individual who presented the checks in person.

On January 28th, 1906, the plaintiff's book was again balanced and the forgeries were discovered; the forger was detected at once.

We agree with our brother of the District Court that there was gross negligence on the part of the plaintiff in failing to notify the bank at once of the irregularities which he found when his book was balanced the first time. Had he done so the subsequent losses would have been avoided. It is true the signature to the forged checks was so perfect, that he was not himself certain that they were forgeries, but in our opinion that was all the more reason for warning the bank.

"A depositor owes to the bank the duty of exercising reasonable care to verify returned vouchers by the record kept by him of the checks he has issued for the purpose of detecting forgeries or alterations."

Critten vs. Chemical National Bank, 171 N. Y. 219. Leather Mfg. Bank vs. Morgan, 117 U. S. 96.

We are therefore of opinion that plaintiff cannot recover the amount of the forgeries subsequent to the date when he should have warned the bank. We are of opinion, however, that the check of $10.00 presented on the day following that for which the balance was struck is not in the category, for we recognize that it must have taken a day or two to balance the book and check up the vouchers.

Of course defendant is liable for the $90.00 of forged check included in the returned checks of November 21st, and we are therefore of opinion that the defendant is liable in all for the sum of $100.00, instead of $90.00, as allowed in the District Court.

This amendment would alone dispose of the question of costs, but we are free to add that the deposit made by the defendant of $90.00 "without admitting any liability at all, but out of abundance of caution * * * if it should be shown that the checks are forgeries," is no deposit at all, as plaintiff was not free to take same except upon proving up his case. Hence such deposit relieves defendant neither of interest nor of costs.

For the reasons assigned it is now ordered that the judgment of the District Court be increased from ninety dollars to one hundred dollars with legal interest from January 25th, 1906, until paid, and costs. And as so amended the judgment is affirmed, appellee to pay costs of appeal.

May 17th, 1909.

Rehearing refused June 1, 1909.

Writ granted by Supreme Court July 6, 1909.